UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
DWIGHT BULLARD,                             :           Case No. 1:14-CR-411
                                            :           Case No. 1:17-CV-61
                Petitioner,                 :
                                            :
        vs.                                 :           OPINION & ORDER
                                            :           [Resolving Doc. 70]
UNITED STATES OF AMERICA,                   :
                                            :
                Respondent.                 :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 9, 2017, Petitioner Dwight Bullard petitioned for habeas corpus relief under

28 U.S.C. § 2255.[1] Bullard argues that this Court improperly classified him as a career offender

and that he received ineffective assistance of counsel. For the following reasons, the Court

**DENIES** Bullard's motion.

## I. BACKGROUND

On November 13, 2014, the United States indicted Petitioner Bullard for distribution of

heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and with being a felon in possession of

a firearm, in violation of 18 U.S.C. § 922(g)(1).[2]

On December 10, 2014, Bullard filed a motion to suppress evidence and to return

illegally seized property.[3] Following a hearing, the Court denied Bullard's suppression motion.[4]

Bullard pled guilty to the indictment on January 13, 2015.[5] Bullard's presentence

investigation report recommended that the Court sentence Bullard as a career offender because

---

[1] Doc. 70. The Government responds. Doc. 72. Petitioner Bullard replies. Doc. 73.
[2] Doc. 1.
[3] Doc. 18.
[4] Doc. 62.
[5] Doc. 40.

of two prior controlled substance convictions: a 2004 Arizona conviction for the attempted transport of cocaine, in violation of Arizona Rev. Stat. § 13-3408, and a 2014 Ohio conviction for drug trafficking, in violation of Ohio R.C. § 2925.03(A)(2).[6] The career offender classification subjected Bullard to a mandatory minimum of 120 months imprisonment.

The Presentence Report recommended an offense level of 35 and a criminal history category of VI, resulting in a guideline range of 292 to 365 months. At sentencing, Bullard's counsel did not challenge Bullard's classification as a career offender.[7] The Court sentenced Bullard to 140 months imprisonment followed by eight years of supervised release.[8]

Petitioner Bullard appealed the Court's denial of his motion to suppress, but did not appeal his career offender classification. The Sixth Circuit affirmed this Court's suppression decision on October 6, 2016.[9]

On January 9, 2017, Bullard petitioned for habeas corpus relief under 28 U.S.C. § 2255.[10] Bullard argues that the Court misclassified him as a career offender, which "constitutes a complete miscarriage of justice."[11] Bullard argues that neither the Arizona nor the Ohio conviction qualifies as a Sentencing Guidelines "controlled substance" offense.[12] Bullard also alleges ineffective assistance of counsel due to his lawyer's failure to object to the career offender classification at sentencing or on appeal.[13]

---

[6] Doc. 45 (sealed).
[7] Doc. 65 at 12 (defense counsel stating, "I think I adopt the Court's analysis that . . . he is classified as a career offender based on that second conviction").
[8] Doc. 50.
[9] Doc. 69.
[10] Doc. 70.
[11] *Id.* at 4.
[12] Doc. 70-2 at 7-10.
[13] *Id.* at 12-16.

Case No. 1:14-CR-411
Gwin, J.

The Government opposes.[14] The Government states that Bullard's Guidelines arguments are non-constitutional claims that he cannot raise in a § 2255 petition.[15] The Government further argues that Bullard received effective assistance of counsel because it would have been "frivolous" to challenge the career offender classification.[16]

## II. LEGAL STANDARD

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[17]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[18]

## III. DISCUSSION

### A. Guidelines Calculation

Petitioner Bullard argues that the Court improperly characterized him as a career offender under Sentencing Guidelines § 4B1.1. Bullard argues that both his 2004 Arizona state conviction for attempted transportation of narcotic drugs for sale and his 2014 Ohio state conviction for

---

[14] Doc. 72.
[15] *Id.* at 6-7.
[16] *Id.* at 8.
[17] 28 U.S.C. § 2255(a).
[18] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

drug trafficking do not qualify as predicate Sentencing Guidelines "controlled substance" offenses.

The Guidelines classify a defendant as a "career offender" when the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[19] The Guidelines define qualifying controlled substance offenses as those "that prohibit[ ] the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."[20]

The Sixth Circuit has adopted a "categorical" approach for determining whether a defendant's prior conviction is a "controlled substance offense."[21] Typically, sentencing courts only use the fact of the prior conviction and the statutory definition of the predicate offense to determine whether a prior conviction is a controlled substance offense.[22]

Certain statutes, however, are what the Supreme Court calls "divisible" offenses because they "se[t] out one or more elements of the offense in the alternative."[23] When a statute "list[s] potential offense elements in the alternative," it "renders opaque which element played a part in the defendant's conviction."[24]

---

[19] U.S.S.G. § 4B1.1(a).
[20] U.S.S.G. § 4B1.2(b).
[21] *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006).
[22] *Id.*
[23] *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016) ("[T]he modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque.").
  Although *Descamps* and *Mathis* concerned sentencing enhancements under the Armed Career Criminal Act (ACCA), lower courts have applied the Supreme Court's modified categorical approach reasoning to Sentencing Guidelines cases. *See United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016); *see also United States v. Jeffery*, No. 14-CR-20427-01, 2017 WL 764608, at *2-3 (W.D. Mich. Feb. 28, 2017).
[24] *Id.* at 2283.

Accordingly, when a divisible statute is involved, courts employ a "modified categorical approach."[25] Under the modified categorical approach, courts first determine whether the relevant statute of conviction encompasses conduct that would be a "controlled substance offense," plus conduct that would not.[26] If that is the case, the federal sentencing court consults the state-court indictment and the jury instructions or plea agreement for the specific conduct with which the defendant was charged in order to appropriately characterize the offense.[27] Finally, the court assesses whether the specific crime of conviction is a controlled substance offense.[28]

### Arizona Conviction

Petitioner Bullard argues that his Arizona Rev. Stat. § 13–3408 conviction does not categorically qualify as a predicate controlled substance offense. Citing the Ninth Circuit's *Vera-Valdevinos v. Lynch*[29] decision, Bullard argues that § 13-3408 is too broad to be a "controlled substance offense" because it criminalizes two substances that are not on the Federal Controlled Substance Schedule.[30]

In 2004, Bullard pleaded guilty to violating Arizona Revised Statute § 13–3408.[31] Section 13-3408 criminalizes a variety of conduct:

A person shall not knowingly:

1. Possess or use a narcotic drug.
2. Possess a narcotic drug for sale.
3. Possess equipment or chemicals, or both, for the purpose of manufacturing a narcotic drug.
4. Manufacture a narcotic drug.
5. Administer a narcotic drug to another person.

---

[25] *United States v. Prater*, 766 F.3d 501, 511 (6th Cir. 2014).
[26] *Id.*; *see also United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014).
[27] *United States v. Martin*, 378 F.3d 578, 581 (6th Cir. 2004).
[28] *See Prater*, 766 F.3d at 511.
[29] 649 F. App'x 597 (9th Cir. 2016).
[30] Doc. 70-2 at 8.
[31] Doc. 75-3.

6. Obtain or procure the administration of a narcotic drug by fraud, deceit, misrepresentation or subterfuge.
7. Transport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug.[32]

Because Arizona Rev. Stat. § 13-3408 "comprises multiple, alternative versions of the crime,"[33] the statute is divisible and subject to the modified categorical approach. The alternative versions of a § 13-3408 crime include drug possession, drug manufacturing, drug administration, and drug trafficking.

Furthermore, § 13-3408 encompasses both conduct that qualifies as a § 4B1.1 "controlled substance offense" and conduct that does not. For example, § 13-3408(A)(1) criminalizes possession or use of a narcotic drug. Mere possession or use would not be a qualifying offense under the Guidelines, which limits the enhancement to "manufacture, import, export, distribution, or dispensing" offenses or possession with the intent to manufacture, import, export, distribute, or dispense.[34] Accordingly, this Court must "identify, from among several alternatives, the crime of conviction" so that the Court can determine if Bullard's crime is a § 4B1.1 qualifying offense.[35]

Having consulted Petitioner Bullard's indictment and plea agreement, the Court finds that the crime forming the basis of Bullard's Arizona conviction was attempted transportation of narcotic drugs. Bullard's indictment charges him with "knowingly transport[ing] for sale, import[ing] into this state, in an amount of 9 grams or more, or offer[ing] to transport for sale or

---

[32] Ariz. Rev. Stat. § 13-3408(A).
[33] *Descamps*, 133 S. Ct. at 2284.
[34] *See* U.S.S.G. § 4B1.2(b).
[35] *See Descamps*, 133 S. Ct. at 2285.

import into this state a narcotic drug, to-wit: COCAINE."[36] Likewise, in his plea agreement, Bullard pleaded guilty to "attempted transportation of narcotic drugs for sale."[37]

Petitioner Bullard's conviction was therefore under Ariz. Rev. Stat. § 13-3408(A)(7), which criminalizes the "[t]ransport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug."[38]

Arizona Rev. Stat. § 13-3408(A)(7) only criminalizes conduct that qualifies for the career offender enhancement. Each act proscribed by subsection (A)(7) "meets the definition of a controlled substance offense under § 4B1.2(b)(2) because each involves either the import or distribution of a controlled substance or the possession of a controlled substance with intent to import or distribute."[39] The Court therefore properly classified Bullard's Arizona drug conviction as a predicate offense under § 4B1.1 of the Sentencing Guidelines.[40]

Petitioner Bullard's reliance on the Ninth Circuit's *Vera-Valdevinos* decision is misplaced. In that case, the Ninth Circuit held that Ariz. Rev. Stat. § 13-3408(A)(7)—the same subsection under which Bullard was convicted—was not a "controlled substance offense" for the purposes of the Immigration and Nationality Act (INA).[41] The INA makes an alien deportable if he is convicted of an offense "relating to a controlled substance."[42] The INA specifies that the offense must involve a "controlled substance" as defined by "section 802 of Title 21"—the Federal Controlled Substance Schedule.[43]

---

[36] Doc. 75-1 at 1.
[37] Doc. 75-2 at 1. The Yavapai County Superior Court of Arizona's judgment uses identical language to describe the offense. Doc. 75-3 at 1.
[38] The conviction was also under Arizona Rev. Stat. § 13-1001, which classifies the crime as an "attempt" offense.
[39] *George v. United States*, No. 4:11-CV-1179, 2014 WL 4206966, at *3 (E.D. Mo. Aug. 25, 2014) (reaching same conclusion for Ariz. Rev. Stat. § 13-3405(A)(4), which criminalizes "[t]ransport[ing] for sale, import[ing] into this state or offer[ing] to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana").
[40] *Matthis*, 136 S. Ct. at 2257.
[41] 649 F. App'x at 598.
[42] *See* 8 U.S.C. § 1227(a)(2)(B)(i).
[43] *Id.*

-7-

In holding that § 13-3408(A)(7) was not an INA "controlled substance" offense, the Ninth Circuit emphasized that Ariz. Rev. Stat. § 13-3408 prohibits criminal possession of two substances not on the Federal Controlled Substance Schedule.[44] Because a §13-3408(A)(7) conviction did not necessarily mean that a defendant illicitly trafficked in a federally controlled substance, § 13-3408(A)(7) failed the categorical test with respect to the INA.

Bullard misses a key distinction between the Sentencing Guidelines and INA's definitions of a "controlled substance" offense. Under the INA, a "controlled substance" offense must involve substances on the Federal Controlled Substance Schedule.[45] In contrast, the Sentencing Guidelines do not narrow "controlled substance" offenses to offenses involving only substances controlled by the federal government. Section 4B1.2 lacks a definition of "controlled substance" and does not restrict it to federally controlled substances.

Indeed, the Sixth Circuit recently foreclosed Bullard's argument that § 4B1.2 enhancements only apply to offenses involving federally controlled substances:

> Because there is no requirement that the particular controlled substance underlying a state conviction also be controlled by the federal government, and because the Guidelines specifically include offenses under state law in § 4B1.2, the fact that [Arizona] may have criminalized the 'manufacture, import, export, distribution, or dispensing' of some substances that are not criminalized under federal law does not prevent conduct prohibited under the [Arizona] statute from qualifying, categorically, as a predicate offense.[46]

Under the modified categorical approach, Petitioner Bullard's Arizona Rev. Stat. § 13-3408 conviction for drug transportation qualifies as a § 4B1.1 "controlled substance offense."

---

[44] 649 F. App'x at 598. Arizona prohibits possession of Benzylfentanyl and Thenylfentanyl.
[45] 8 U.S.C. § 1227(a)(2)(B)(i).
[46] *United States v. Smith*, --- F. App'x ---, 2017 WL 908225, at *5 (6th Cir. Mar. 7, 2017).

*Ohio Conviction*

Petitioner Bullard also argues that his 2014 Ohio Rev. Code § 2925.03(A)(2) conviction

for drug trafficking does not categorically qualify as a predicate "controlled substance offense."[47]

Bullard argues that the underlying statute criminalizes conduct beyond that described in U.S.S.G.

§ 4B1.2(b).

Sixth Circuit precedent defeats Bullard's argument. Although Section 2925.03 includes

both qualifying and non-qualifying crimes,[48] Bullard's 2013 indictment specifies that he was

charged under Section 2925.03(A)(2). Therefore, the Court examines whether a conviction under

that subsection is a qualifying offense.

The Sixth Circuit has concluded that Ohio Rev. Code § 2925.03(A)(2) criminalizes the

"possession of a controlled substance with intent to distribute it," and therefore is a U.S.S.G. §

4B1.2(b) controlled-substance offense.[49] Under the categorical approach, Bullard's Ohio Rev.

Code § 2925.03(A)(2) conviction is a qualifying offense under U.S.S.G. § 4B1.2(b).

**B.  *Ineffective Assistance of Counsel***

Petitioner Bullard argues that he was denied the effective assistance of counsel during the

sentencing hearing and on appeal because of counsel's failure to "adequately prepare and

investigate in preparation for sentencing."[50] Bullard claims that his trial and appellate counsel

should have objected to Bullard's classification as a career offender based on prior drug

convictions.[51]

---

[47] Doc. 70-2 at 9.
[48] *See United States v. Wright*, 43 F. App'x 848, 852 (6th Cir. 2002).
[49] *Id.* at 852-53; *see also United States v. Robinson*, 333 F. App'x 33, 35-36 (6th Cir. 2009) ("Because § 2925.03(A)(2) includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)."); *United States v. Karam*, 496 F.3d 1157, 1167 (10th Cir. 2007) (holding that "[t]here can be no dispute that" a conviction under Ohio R.C. § 2925.03(A)(2) is a controlled substance offense).
[50] Doc. 70-2 at 12.
[51] *Id.* at 13-15.

The government counters that Bullard's attorney performed at the "objective standard of reasonableness."[52]

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington*[53] test.

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[54] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[55] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[56]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[57]

Petitioner Bullard fails to satisfy either *Strickland* prong. As discussed above, both the Arizona and Ohio drug convictions qualify as controlled substance offenses. Defense counsel did not render ineffective assistance by failing to make arguments that would be denied. It was objectively reasonably for counsel not to challenge Bullard's career offender classification. Moreover, because such a challenge would not have changed the course of Bullard's proceedings, counsel's "alleged failure to dig deeper or object more robustly to the career offender classification" could not have prejudiced Bullard.[58]

---

[52] Doc. 72 at 7.
[53] 466 U.S. 668 (1984).
[54] *Id.* at 688.
[55] *Id.* at 690.
[56] *Id.* at 690-91.
[57] *Id.* at 695.
[58] *Gibbs v. United States*, 3 F. App'x 404, 406 (6th Cir. 2001).

Accordingly, Petitioner Bullard's claim for ineffective assistance of counsel fails.

## IV. CONCLUSION

For the reasons above, this Court **DENIES** Petitioner Bullard's § 2255 petition.

Furthermore, there is no basis upon which to issue a certificate of appealability.[59]

IT IS SO ORDERED.

Dated: May 25, 2017                                     *s/    James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[59] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).