UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-cr-00411 |
| Plaintiff, | OPINION & ORDER [Resolving Doc. 87] |
| vs. | |
| DWIGHT BULLARD, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Dwight Bullard, an FCI Elkton inmate, requests that the Court recommend to the Bureau of Prisons that he be transferred to home confinement for the remainder of his sentence.[1] The Court construes Bullard's request as a motion for compassionate release under 18 U.S.C. § 3582.[2] The Government opposes Bullard's request.[3]

For the reasons stated below, the Court **DENIES** Bullard's motion for compassionate release.

I. Background

On January 13, 2015, Defendant Bullard pleaded guilty to one count of possession with intent to distribute heroin and one count of being a felon in possession of a firearm

---

[1] Doc. 87. Bullard makes his request pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), and 18 U.S.C. § 3621. § 3621 permits district courts to give non-binding place-of-imprisonment recommendations to the Bureau of Prisons. These recommendations typically occur at a prisoner's sentencing, but Bullard argues that the Court can make such a recommendation at any time. Doc. 87 at 4 (citing *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011)).

[2] The Court declines to give the Bureau of Prisons a non-binding place-of-imprisonment recommendation at this time.

[3] Doc. 89. Bullard replies. Doc. 92.

Case No. 1:14-cr-00411
Gwin, J.

and ammunition.[4] On May 21, 2015, this Court sentenced Bullard to 140-months imprisonment, with credit for time served in federal custody, and eight years of supervised release.[5]

## II. Discussion

On June 16, 2020, Bullard moved for compassionate release.[6] Bullard requests a transfer to home confinement for the remainder of his sentence due to the high COVID-19 risk at Elkton.[7] He also argues that he has an "exemplary prison record," with gate-pass work privileges, a good recidivism outlook, no record of violence, and a verifiable release plan.[8]

The Government opposes. The Government observes that Bullard is 45 years old and in relatively good health.[9] The Government also says releasing Bullard would create a danger to the community due to Bullard's history as a "substantial street level heroin dealer" who distributed heroin while being on supervised release for distributing heroin.[10]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[11]

On April 16, 2020, Bullard submitted his sentence modification request to the FCI

---

[4] Doc. 39.
[5] Doc. 49; Doc. 50.
[6] Doc. 87.
[7] *Id.* at 1, 6; Doc. 92 at 1.
[8] Doc. 92 at 3.
[9] Doc. 89 at 6.
[10] *Id.* at 3, 5. Specifically, the Government says, "Bullard was a substantial street level heroin dealer at the same time he was serving a state sentence of community control after he was arrested by Cuyahoga Metropolitan Housing Authority (CMHA) police and subsequently convicted for distributing heroin on April 23, 2013." *Id.* at 5.
[11] 18 U.S.C. § 3582(c)(1)(A)(i).

-2-

Case No. 1:14-cr-00411
Gwin, J.

Elkton Warden.[12] In a letter dated May 7, 2020, the Warden denied Bullard's request, stating only that, after a review, "he is not eligible for home confinement placement."[13]

Because more than 30 days have expired since Bullard's request, he has satisfied the exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[14] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[15]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[16]

Bullard's compassionate release motion implicates the "other reasons" category. Courts have described the Sentencing Commission's policy statement's "other reasons" category as a "catch-all provision."[17] The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists.[18]

---

[12] Doc. 87-1 at 1.
[13] Doc. 87-3 at 2.
[14] 18 U.S.C. § 3582(a)(1)(A).
[15] *Id.*
[16] USSG § 1B1.13 cmt. n.1.
[17] *E.g., United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019).
[18] U.S.S.G. § 1B1.13 cmt. n.1. The policy's "Other Reasons" category is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy "leaves district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statements for the old regime applicable to the new one"). This Court

Case No. 1:14-cr-00411
Gwin, J.

Bullard raises two arguments why his compassionate release motion should be granted under this catch-all provision: COVID-19 and his good prison behavior.

Bullard's COVID-19 argument is somewhat persuasive. As this Court has recognized, Bullard's prison—FCI Elkton—has been especially affected by the pandemic.[19] But Bullard is not among those particularly vulnerable to the virus; he is a health 45-year-old individual.

Bullard's "good behavior" argument is not very persuasive. While Bullard's prison record is commendable, it does not, on its own, rise to an "extraordinary and compelling reason" for a reduced sentence.[20]

Considering all relevant factors, the Court does not find that extraordinary and compelling reasons warrant Bullard's reduced sentence request.

III. Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Bullard's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Bullard is granted leave to refile his petition if his circumstances, especially his medical circumstances, materially

---

follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (quoting *Brown*, 411 F. Supp. 3d at 449) (collecting cases).

[19] *Wilson v. Williams*, 2020 WL 2542131, at *1, *3 (N.D. Ohio May 19, 2020).

[20] U.S.S.G. § 1B1.13 cmt. n.3. ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

Case No. 1:14-cr-00411
Gwin, J.

change.

IT IS SO ORDERED.

Dated: June 30, 2020            *s/     James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE