UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-411 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 97] |
| vs. | : | |
| | : | |
| DWIGHT BULLARD, | : | |
| | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Dwight Bullard requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposes.[2]

For the following reasons, the Court **DENIES** Bullard's motion for compassionate release.

## I.      Background

On January 13, 2015, Defendant Bullard pleaded guilty to one count of possession with intent to distribute heroin and one count of felon in possession of firearm.[3]  On May 21, 2015, this Court sentenced Bullard to 140 months imprisonment and eight years supervised release.[4]  He is scheduled for release in 2024.[5]

---

[1] Doc. 97.
[2] Doc. 101.
[3] Doc. 97 at 9.
[4] *Id.*
[5] *Id.*

Case No. 1:14-cr-411
GWIN, J.

## II.    Discussion

On June 16, 2020, Defendant Bullard asked the Court to recommend the Bureau of Prisons transfer him to home confinement.[6]  The Court construed Bullard's request as a motion for compassionate release and denied, but granted Bullard leave to amend if his circumstances materially changed.[7]

On October 7, 2020, Bullard renewed his request for compassionate release.[8]  He asks the Court for a sentence reduction due to several medical conditions, including asthma, depression, and a heart murmur, that Bullard claims increase his risk of severe illness if he contracts COVID-19.[9]  Bullard also asserts his sentence is overly long because this Court erroneously sentenced him as a career offender.[10]

The Government opposes.[11]  The Government argues Bullard's medical records do not establish that he currently suffers from asthma, depression, or a heart murmur.[12]  The Government also contends Bullard would pose a danger to community because he has multiple drug trafficking convictions and committed the offense for which he is currently incarcerated while under state supervision.[13]

---

[6] Doc. 87.
[7] Doc. 93.
[8] Doc. 97.
[9] *Id.* at 5–13.
[10] *Id.* at 2–3, 12–13.
[11] Doc. 101.
[12] *Id.* at 6–10.
[13] *Id.* at 10–13.

Case No. 1:14-cr-411
GWIN, J.

## A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from the defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[14]

On August 31, 2020, Defendant Bullard asked the warden of FCI Elkton to bring a motion for compassionate release on his behalf.[15] Because more than 30 days have passed since Bullard sent his request to the warden, he meets the statutory exhaustion requirement.

## B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[16] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[17]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[18]

---

[14] 18 U.S.C. § 3582(c)(1)(A).
[15] Doc. 97-5.
[16] 18 U.S.C. § 3582(c)(1)(A).
[17] *Id.*
[18] USSG § 1B1.13 cmt. n.1. The policy statement is outdated in that it still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019)

-3-

Case No. 1:14-cr-411
GWIN, J.

Bullard argues that he suffers from medical conditions that increase his risk of severe illness if he contracts COVID-19.  Specifically, he states he suffers from asthma, depression, and a heart murmur.[19]

Bullard's COVID-19 argument is not persuasive.  As the Government notes, Bullard does not currently suffer from asthma, depression, or a heart murmur.[20]  Bullard reports having asthma and a heart murmur as a child, but his medical records suggest those ailments did not follow him into adulthood.[21]  And Bullard acknowledges his depression has been in remission since 2017.[22]  Bullard is an otherwise healthy 46-year-old.[23]

Bullard's argument that this Court erroneously designated him career offender is similarly unavailing.  At the time this Court sentenced Bullard he qualified for career offender status.[24]  It is true that Bullard's previous Arizona attempt offense "no longer qualif[ies] as [a] controlled substance offense[] for purposes of the career offender enhancement."[25]  But the Court is not persuaded that Bullard's 140-month sentence is overly long, as it is well below the 292 to 365-month career offender sentencing guideline range.[26]

---

(citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

[19] Doc. 97 at 5–13.

[20] Doc. 101 at 6–10.

[21] Doc. 97 at 9; Docs. 97-2, 97-3.

[22] Doc. 97 at 8.

[23] Docs. 97-2, 97-3.

[24] See Doc. 76 at 8.

[25] *Bullard v. United States*, 937 F.3d 654, 656 (6th Cir. 2019) (quoting *United States v. Garret*, 772 F. App'x. 311, 311 (6th Cir. 2019) (per curiam)).

[26] Doc. 101 at 4.

-4-

Case No. 1:14-cr-411
GWIN, J.

Finally, the § 3553 factors do not support early release.  As the Government points out, Bullard has a long history of drug trafficking.[27]  And he committed the offense for which this Court sentenced him while under state supervision.[28]

### III.      Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Bullard's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).


IT IS SO ORDERED.


Dated: December 3, 2020                    _s/      James S. Gwin_
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[27] Doc. 101 at 10–13.
[28] *Id.*